UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 2, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:10CV02339 AGF |
| GRAU CONTRACTING, INC., | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This is an action under Section 502 of the Employee Retirement Income Security

Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 & 1145; and Section 301 of the Labor

Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, seeking a judgment for

delinquent fringe benefit contributions and dues remissions, underpaid wages, liquidated

damages, interest, attorney's fees, and costs due from Defendant Grau Contracting, Inc.,

pursuant to the collective bargaining agreement ("CBA") (Doc. No. 21-1) between the

Painters District Council No. 2 ("Union") and Defendant.

**Background**

Plaintiffs filed the Complaint in this matter on December 15, 2010. Defendant

was served with the Summons and Complaint on December 22, 2010. As of the date of

this Memorandum and Order, no responsive pleading had been filed by Defendant. The

Clerk of the Court entered default on Defendant on April 13, 2011. (Doc. No. 5.) The

Court granted Plaintiffs' Motion for Partial Default Judgment against Defendant on July

15, 2011, and ordered Defendant to submit to an audit to determine damages. (Doc. No.

8.) Plaintiffs obtained a copy of the final audit findings on or about January 6, 2012, and thereafter filed a motion for default judgment. Defendant has not filed a response to Plaintiffs' request for entry of default judgment as to damages, and the time to do so has expired.

**Applicable Law**

Default judgments are not favored in the law, and prior to granting a default judgment, a court should satisfy itself that the moving party is entitled to judgment, by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993); *Monsanto v. Hargrove*, No. 4:09CV1628 CEJ, 2011 WL 5330674, at *1. (E.D. Mo. Nov. 7, 2011). Entry of default by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *Fingerhut Corp. v. Ackra Direct Marketing Corp.*, 86 F.3d 852, 856 (8th Cir. 1996).

After default has been entered, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *Marshall v. Baggett,* 616 F.3d 849, 852 (8th Cir. 2010) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)); *see also* Fed.R.Civ.P. 8(b)(6) ("An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied."). However, while factual allegations in the complaint are generally taken as true, those

allegations relating to the amount of damages must be proven. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001); *Stephenson v. El–Batrawi*, 524 F.3d 907, 916-17 (8th Cir. 2008) (holding that district court must provide detailed findings regarding damage calculations, even in default judgments, and "generic reference to evidentiary support for the damages determination" is insufficient); *Trustees of the IBEW Local 405 Health & Welfare Fund v. Tichy Elec. Co.*, No. 07 CV-39-LRR, 2008 WL 154641, at *4-5 (N.D. Iowa Jan. 15, 2008) (applying the above principle to a case for delinquent contributions under ERISA). Pursuant to 29 U.S.C. §1132(g)(2), a plaintiff is entitled to recover all of the principal contributions owed pursuant to the payroll examination, plus liquidated damages totaling twenty percent (20%) of the delinquency, interest, attorneys' fees, and costs. 29 U.S.C. § 1132(g)(2)(E). With respect to damages in an action for delinquent fringe benefit contributions, the findings of a plaintiff's accountant are deemed presumptively valid. In determining the amount of damages for a default judgment in an ERISA case brought by a plan against an employer, the court "may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

**Analysis**

The following allegations are admitted by operation of Fed. R. Civ. P. 8(b)(6): Plaintiff Painters District Council No. 2 is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5),

representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA; is an employee organization within the meaning of ERISA, 29 U.S.C.§ 1002(4); and maintains its principal offices within this judicial district. (Complaint, ¶3.)

The Painters District Council No. 2 Pension Trust ("Pension Trust"), the Painters District Council No. 2 Welfare Trust ("Welfare Trust"), the Painters District Council No. 2 Vacation Trust ("Vacation Trust"), and the Painters District Council No. 2 Apprenticeship and Journeyman Training Trust ("Apprenticeship Trust") (collectively referred to as "the Trusts") are employee benefit plans within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C.§§1002(3) and 1132(d)(1), and are multi-employer plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A). The individual Plaintiffs named in the Complaint constitute the Joint Board of Trustees to the Trusts and are the plan sponsors within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. § (16)(B), and fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to these Trusts. (Complaint, ¶¶ 5-28.)

Defendant, at all relevant times, was doing business within the State of Missouri and this judicial district; was at all relevant times an employer within the meaning of Section 301 of the LMRA, 29 U.S.C. §185, and within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145; and maintained offices and conducted business within this judicial district. The Defendant was at all relevant times engaged in an industry affecting commerce within the meaning of Section 2(2), (6) and (7) of the NLRA, 29 U.S.C. §§§152(2), (6) and (7). (*See* Complaint, ¶¶ 29-30.)

4

At all times pertinent hereto, Defendant was signatory to and bound by a CBA with the Union. Under the terms of the CBA, Defendant was obligated to pay wages to all employees covered by the CBA, make weekly reports on all covered employees in its employ showing the number of hours worked and the gross wages of each employee, to contribute on a weekly basis to the Trusts, and to remit dues to the Union. In addition, the CBA requires Defendant to pay liquidated damages and Plaintiffs' reasonable attorney's fees and costs incurred in an action to collect delinquent contributions and Union dues. (*See* Complaint ¶¶ 31-52.)

Since January 2010, Defendant has failed and refused to pay its employees wages due and owing at the rates specified in the relevant CBA and/or pay the fringe benefit contributions and dues remissions at the rates specified in the relevant CBA. (*See* Doc. No. 21-2.) Plaintiffs' accountants conducted a payroll examination of Defendant's records for the period of June 13, 2009 through September 30, 2011. (Doc. No. 21-2.) Plaintiffs have ascertained that the Defendant owes Plaintiffs Seventeen Thousand Nine Hundred Twenty-Five Dollars and Seventy Cents ($17,925.70) in outstanding fringe benefit contributions. Pursuant to the CBA and relevant provisions of ERISA, Defendant owes liquidated damages and interest in the amount of Eight Thousand Three Hundred Twenty-Eight Dollars and Thirty-Eight Cents ($8,328.38); attorney's fees in the amount of Two Thousand Three Hundred Seventy-Six Dollars and Twenty-Four Cents ($2,376.24), audit costs in the amount of One Thousand One Hundred Eighty-Seven Dollars and Fifty Cents ($1,187.50), and costs in the amount of Four Hundred Thirteen Dollars and Fifty Cents ($413.50). (*See* Doc. Nos. 21-2; 21-3.) In sum, Defendant has

failed to pay contributions, liquidated damages, interest, costs, and attorney's fees totaling $30,231.32. *Id.*

Upon review of the affidavits and exhibits submitted in support of these damages, fees and costs, the Court finds that Plaintiffs are entitled to recover all of the principal contributions owed pursuant to the payroll examination, plus liquidated damages, interest, attorney's fees, and costs and have adequately supported their claim for these damages with the affidavits and exhibits on file. *See Contractors, Laborers, Teamsters & Eng'rs Health and Welfare Plan v. Hroch*, 757 F.2d 184, 189 (8th Cir. 1985); *Int'l Painters and Allied Trades Ind. Pension Fund v. Davanc Contracting, Inc.*, 808 F.Supp. 2d 89, 94 (D.D.C. 2011); *Trustees of the Minn. Ceramic Tile and Allied Trades Retirement Fund v. Legacy Tile and Marble*, No. Civ. 06-2965 (JNE/SRN), 2008 WL 624120, at *4 (D. Minn. Mar. 4, 2008); 29 U.S.C. §1132(g)(2). On the basis of the record before it, the Court concludes that Plaintiffs are entitled to judgment in the amount of $30,231.32

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (Doc. No. 20) is **GRANTED**. A separate judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of July, 2012.